MORRIS ELECTRIC CO. v. MAYER & ENGLUND CO.

(Circuit Court, S. D. New York. April 7, 1903.)

1. PATENTS—PATENTABLE NOVELTY—ELECTRIC RAIL CONNECTIONS.

The Wightman patent, No. 460,615, for rail connection for electric railways, claims 8 and 9, describing a flexible conductor, provided at its ends with attached solid blocks headed in holes in the rails, the purpose being to make an electric connection between the rails, is void for lack of patentable novelty, in view of the prior art.

In Equity. On final hearing.

Frankland Jannus, for plaintiff.

Wm. C. Strawbridge, for defendant.

PLATT, District Judge. This is a case for the alleged infringement of letters patent of the United States originally issued to Merle J. Wightman, No. 460,615, dated October 6, 1891, for rail connection for electric railways. The device of the patent in suit consists of a flexible conductor provided at its ends with attached solid blocks headed in holes in the rails. The purpose of this device is the connection of the adjoining adjacent ends of rails of a railway track electric-

ally in order that the current may pass through said conductor from one rail to another. The claims in controversy in this suit are 8 and 9, which read as follows, and the device to which they refer is shown in figure 5 of the patent:

"(8) An electric union for railway rails, consisting of a flexible conductor provided at its ends with attached solid blocks headed in holes in said rails, as and for the purpose described.

"(9) An electric bond or union for the ends of railway rails, consisting of a flexible conductor provided with solid ends crimped around the end of the conductor and provided with a lug or projection, as and for the purpose described."

In view of the prior art disclosed in patents relied upon by the defendant, as well as of the electrical conducting devices, including electrical unions for railway rails and for other purposes, shown to have been in public use prior to the patent in suit, I am led to the conclusion that claims 8 and 9 of said patent are not for subject-matter patentably novel at the date of the said patent, and that they are void.

Let there be a decree for the defendant dismissing the bill, with costs to the defendant.